Filed 8/29/24  P. v. Maldonado CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY LEE MALDONADO, JR.,<br><br>    Defendant and Appellant. | F087237<br><br>(Super. Ct. No. 23CMS0367)<br><br><br>**OPINION** |

-ooOoo-

## <u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Kings County.  Valerie R. Chrissakis, Judge.

Lisa Jensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Snauffer, J. and DeSantos, J.

Appellate counsel for defendant Anthony Lee Maldonado, Jr., has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court.  By letter dated June 11, 2024, we also invited defendant to submit additional briefing.  Defendant has not filed a response.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record.  Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of this case.  (*Kelly*, at p. 110.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

Following a preliminary hearing held on March 6, 2023, an information was filed charging defendant with one count of making a criminal threat (Pen. Code,[1] § 422, subd. (a), a felony; count 1).  The information also included a special allegation stating defendant had suffered a prior serious or violent felony conviction (§§ 1170.12, subds. (a)–(d) & 667, subds. (b)–(i)).

On May 5, 2023, during a hearing for trial confirmation, defense counsel requested a continuance of the current trial date of May 15, 2023, to review discovery materials he had only recently received, even though the requests for the information had been made within two weeks of the preliminary hearing.  After exploring this request with defendant, who was actually opposed to any delay in his trial, the trial court granted the request finding good cause for the delay existed.

---

[1]     All further statutory references are to the Penal Code.

Following additional delays not objected to by defendant, a jury trial commenced on July 10, 2023. During deliberations, the jury informed the trial court it was having difficulty reaching a verdict. The court reread CALJIC No. 3517 and added CALJIC No. 3551, with approval of counsel, before sending the jurors back to continue their deliberations. Later, the jury sent another note to the court stating they continued to be unable to reach an agreement. The judge brought the jury back into the courtroom and asked the jury foreman questions about how many votes had been taken and the numerical breakdown of the vote, without specifying which direction the votes favored. The jury foreman responded that there had been four or five votes, and then expressed two different counts for the status of the votes. Before the jurors were sent back to deliberate further, the judge stated:

> "As I said, it is recognized that sometimes jurors have difficulty in reaching a verdict and they're able to resume deliberations successfully, reach a verdict on one or more counts, and I previously instructed you on how potentially to do that.

> "I'm going to send you back to deliberate again, or not again, but additionally, and one of the reasons I'm doing that is because you didn't know exactly how many times you had taken a ballot and then also the additional information that you provided to me .…"

Soon thereafter, the jury returned a verdict of guilty on the one count of making a criminal threat. The special allegation of the prior strike conviction alleged in the information had already been admitted by defendant, outside the jury's presence, before he testified on his own behalf.

Before the sentencing hearing, defendant submitted a motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, seeking to have his prior strike conviction stricken. This *Romero* motion was denied by the trial court on November 9, 2023. After providing reasons for denying the motion, the court then sentenced defendant to the lower term of 16 months, doubled for the prior strike conviction,

3

resulting in a sentence of 32 months. The court then imposed restitution fines and calculated custody credits.

A notice of appeal was filed on behalf of defendant on November 27, 2023.

## FACTUAL SUMMARY

On February 15, 2023, C.R. was working at a local community college as a sign language interpreter when he left the room to use a nearby restroom. On his way to the restroom, C.R. observed an individual he later identified as defendant muttering to himself. After entering a stall, C.R. heard someone enter the restroom who began yelling the "N" word, followed by "What are you, a f***ing jew." C.R. believed the person's voice sounded like that of the person he observed muttering outside the restroom. C.R. also believed this person was speaking to him. The person told C.R. he had a knife and would "slice [him] up." Sensing danger and because he felt threatened, C.R. placed his hands on the stall door, soon feeling it start to shake. The person on the other side of the door told C.R. that while he did not have it with him, he would return the next day with a gun to shoot teachers.

C.R. testified he soon heard defendant leave the restroom. C.R. waited, then peeked out the door. C.R. decided to quickly return to the class to finish providing sign language services. C.R. talked to law enforcement about what happened in the restroom after the presentation was done.

Officer Steven Rossi was the campus officer at the community college. Rossi was called from watching a presentation in the conference center to a classroom and met with C.R., who he observed was scared, but provided information about the encounter and a description of the potential suspect. Rossi testified he had previously seen defendant, who seemed to match the description, in the conference center before the incident occurred. Once he contacted defendant, Rossi asked him about what happened in the restroom. Defendant responded he went there to make sure his phone had been turned

4

off.  Rossi was frustrated while talking to defendant because he was using a lot of profanity about C.R. and kept interrupting him.  After Rossi again talked to C.R. to get more information, he felt he finally had enough information to arrest defendant.  Once he was at the police station, defendant was given a *Miranda* warning.

### *Defense*

Defendant took the stand on his own behalf.  Defendant described his initial encounter with Rossi and being told about the threats that were allegedly made.  Defendant denied making any threats and also denied going into the restroom.  When asked again, defendant told Rossi to review the camera footage he suspected existed to confirm whether or not he went into the restroom.  Defendant then stated if he went into the restroom, it was only to wash his hands.  Defendant also denied being in a verbal altercation with C.R. because he had never seen him before the trial.

## DISCUSSION

Having carefully reviewed the entire record, and considered relevant legal standards, we conclude there are no arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.